IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                              ) | CASE NO. CR495-123 |
| ) | |
| OSCAR LEE BROWN, JR.,       ) | |
| ) | |
| Defendant.             ) | |

## O R D E R

Before the Court is Defendant Oscar Brown's Motion for Early Termination of Supervised Release. (Doc. 1381.) In his motion, Defendant seeks early termination from his 10-year term of supervised release. (Doc. 1381 at 2; Doc. 1382 at 2.) The Government has responded in opposition to Defendant's motion. (Doc. 1382 at 3.)

> In 1995, a jury found Brown guilty of conspiring to distribute crack cocaine and cocaine hydrochloride. 21 U.S.C. § 846. Brown had a base offense level of 38, United States Sentencing Guidelines Manual § 2D1.1 (1994), based on the undisputed statement in his presentence investigation report that he was responsible for at least 1.5 kilograms of cocaine base. See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes."). After Brown received increases for being an organizer or leader of the conspiracy, U.S.S.G. § 3B1.1(a), for possessing a firearm, id. § 2D1.1(b)(1), and for obstruction of justice, id. § 3C1.1, he had a total offense level of 46. Brown faced a statutory sentencing range of 20 years to life imprisonment, 21 U.S.C. §§ 841(b)(1)(A), 851, and, with a criminal history category of IV, a guideline range of life imprisonment. [This] court sentenced Brown to imprisonment for life.

United States v. Brown, 809 F. App'x 739, 740 (11th Cir. 2020) (per curiam). After the United States Court of Appeals for the Eleventh Circuit remanded Defendant's case for reconsideration in light of the Circuit's decision in United States v. Jones, 962 F.3d 1290 (2020), this Court "reduce[d] Defendant's life sentence to 364 months[]" on September 10, 2020, pursuant to the First Step Act. (Doc. 1345 at 1-2.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant was released on March 19, 2021, and his term of supervised release commenced. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov./inmateloc/ (last visited May 24, 2023); (Doc. 1382 at 2). He has since complied with the terms of his supervised release. (Doc. 1382 at 3.)

Pursuant to 18 U.S.C. § 3583(e)(1), this Court may terminate a sentence and discharge a defendant from supervised release at any point after the defendant has completed one year of supervised release, "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" While the Court applauds Defendant's efforts, Defendant's motion (Doc. 1381) is **DENIED** after careful consideration of the record in this case, including the amount of time he has completed on supervised release and the seriousness of Defendant's offenses.

2

However, after Defendant has served at least half of his term, Defendant may file another motion for early termination of supervised release for the Court's consideration.

SO ORDERED this 24th day of May 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA